UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEBORAH PUSTULKA, ) | Case No. 1:22 CV 342 |
| ) | |
| Plaintiff ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| LORAIN CITY SCHOOL DISTRICT ) | |
| BOARD OF EDUCATION, *et al.*, ) | |
| ) | |
| Defendants ) | <u>ORDER</u> |

Having granted Plaintiff Deborah Pustulka's ("Plaintiff" or "Pustulka") Motion for Summary Judgment as to Liability (ECF No. 14), and denied Defendant the Lorain City School District Board of Education's ("Defendant" or the "Board") Motion for Summary Judgment (ECF No. 16), the court must now determine how to proceed in determining Plaintiff's damages. For the reasons that follow, the court stays this litigation until a hearing has been held on the termination of Plaintiff's administrator's contract pursuant to O.R.C. § 3319.16, and a determination made as to whether that contract was terminated for "good and just cause." This will ensure that the court can make a complete determination as to Plaintiff's damages without the risk of bifurcated damages proceedings.

**I. BACKGROUND**

Plaintiff Deborah Pustulka was employed by Defendant first as a teacher and then as the principal of Palm Elementary School in the Lorain City School District (the "District"), a public school district in Lorain County, Ohio. (Def.'s Mot. at PageID #111–12, ECF No. 16.) At all times

relevant to this case, Pustulka was employed under both a continuing contract as a teacher, and an administrator's contract governed by Ohio Revised Code § 3319.02 that was effective from August 1, 2020 through July 31, 2022. (*Id.*; Pl.'s Mot. Ex. A at PageID #79, ECF No. 14-1.)

The District received a report from a parent that on November 1, 2021, a paraprofessional at Palm Elementary School forced her child to eat waffles that had been taken from a trash can in the school cafeteria. (Def.'s Mot. at PageID #116, ECF No. 16.) Plaintiff, as principal of the school, conducted the initial investigation of the complaint. (*Id.*) Subsequently, video surveillance footage showed that Plaintiff was present for and in close proximity to the cafeteria incident, and appeared to condone the paraprofessional's actions. (*Id.*) In a letter to Pustulka dated December 16, 2021, Dr. Jeffrey Graham ("Graham"), who was then serving as CEO of the District in order to remove it from a state of academic distress under O.R.C. § 3302.10, cited to his authority as CEO in terminating Pustulka's administrator's contract because "[her] conduct is not consistent with accomplishing [his] plan to remove the school district from academic distress." (Pl.'s Mot. Ex. B at PageID #81, ECF No. 14-1.) Pustulka demanded a referee hearing under Ohio Revised Code § 3319.16 in order to determine whether the termination of her teacher's and administrator's contracts was for good cause. (Pl.'s Mot. Ex. D at PageID #83, ECF No. 14-1.) Defendant denied that request. (*Id.*)

Plaintiff brought the instant action on March 3, 2022, claiming that the Board and Graham had violated her Fourteenth Amendment due process rights by terminating her administrator's contract, in which she held a property interest, without following the procedures set forth in Ohio Revised Code § 3319.16, which embody the requirements of procedural due process in such contract terminations. (Compl. at PageID #3–4, ECF No. 1.) Plaintiff seeks back pay, compensatory damages for her lost benefits and service credits, compensatory damages for her mental anguish and distress,

punitive damages as applicable, and attorneys' fees. (Compl. at PageID #5, ECF No. 1.)

On January 5, 2023, the court issued an Order (ECF No. 21) finding that procedural due process required the District to provide Pustulka with a post-termination hearing on the termination of her administrator's contract, and therefore granting Plaintiff's Motion for Summary Judgment as to Liability and denying Defendant's Motion for Summary Judgment. In a status conference held on January 25, 2023, the Parties expressed disagreement over whether Pustulka could recover compensatory damages if at her post-termination hearing, however delayed, it was determined that her termination as an administrator was for "good and just cause." (Minute Order, ECF No. 24.) The court ordered the Parties to submit briefs and responses as to how it should proceed. Plaintiff and Defendant filed their Briefs (ECF Nos. 27 and 26, respectively) on February 10, 2023, and their Replies (ECF Nos. 29 and 28, respectively) on February 17, 2023. On April 17, 2023, the court requested that the Parties submit a Joint Status Report to update the court as to whether a post-termination hearing on Plaintiff's administrator's contract had been held or scheduled. (Order, ECF No. 31.) The Parties submitted their Report (ECF No. 32), which indicated that the Board was still in the process of initiating the hearing procedures on the administrator's contract after Plaintiff declined to hold a joint hearing on both her teacher's and administrator's contracts. The teacher's contract hearing is currently scheduled for June 19–23, 2023. (Joint Status Report at PageID #246, ECF No. 32.)

## II. LAW AND ANALYSIS

Defendant contends, citing the Supreme Court's decision in *Carey v. Piphus*, 435 U.S. 247 (1978), that if the result of the post-termination hearing of which Plaintiff was initially deprived is a finding that Plaintiff was nonetheless terminated for good cause, Plaintiff cannot claim

compensatory damages for lack of causation, and would therefore be limited to nominal damages for the procedural deprivation, damages for any emotional distress shown to result from the procedural deprivation itself, and attorneys' fees. (Def.'s Brief, ECF No. 26); *Carey v. Piphus*, 435 U.S. 247 (1978) ("[W]e believe that the denial of procedural due process should be actionable for nominal damages without proof of actual injury. We therefore hold that if, upon remand, the District Court determines that respondents' suspensions were justified, respondents nevertheless will be entitled to recover nominal damages not to exceed one dollar[.]"); *Farrar v. Hobby*, 506 U.S. 103, 112 (1992) ("[N]o compensatory damages may be awarded in a § 1983 suit absent proof of actual injury."); *Kendall v. Bd. of Ed. of Memphis City Sch.*, 627 F.2d 1, 6 (6th Cir. 1980) (overruled on other grounds) ("[W]e hold that [Plaintiff] is not entitled to relief for the deprivation of her contract right if the Board established that she would have been discharged even if a proper hearing had been held.").

Plaintiff raises several arguments as to why she is nonetheless entitled to compensatory damages, but fails to refute that, based on the case law, an adverse finding in the § 3319.16 hearing would likely preclude recovery of compensatory damages for the procedural deprivation itself. On the other hand, a favorable ruling in that hearing would also likely alter the compensatory damages determination in her favor. Regardless of the final determination in the post-termination hearing, the outcome will clearly influence the court's ruling on any compensatory damages.

The court therefore finds that it is in the best interest of the Parties to stay these proceedings until a hearing has been held and a decision rendered as to whether the termination of Plaintiff's administrator's contract was for good cause. The alternative is for the court to proceed in ruling on Plaintiff's non-compensatory damages claims, only to revisit the compensatory damages question

following the post-termination hearing. Such a bifurcated process would not serve the best interests of the Parties or of judicial economy.

### III. CONCLUSION

For the foregoing reasons, the court will stay these proceedings with instruction to the Parties to update the court once the post-termination hearing as to Plaintiff's administrator's contract has been scheduled, again once the hearing is completed and a decision has been rendered, and upon any other development which the Parties believe would warrant an update to the trajectory of these damages proceedings. If the process takes a substantial amount of time, the court will consider administratively closing the case and reopening it at the conclusion of the hearing process.

IT IS SO ORDERED.

                                                          */s/ SOLOMON OLIVER, JR.*
                                                         UNITED STATES DISTRICT JUDGE

May 23, 2023